## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                         Criminal No. 10-cr-53-02-JD

<u>Joseph Glazier</u>

### ORDER OF DETENTION PENDING TRIAL

    In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on September 14, 2010, for the purpose of determining whether to detain defendant, Joseph Glazier, who has been indicted on a charge of conspiracy to distribute marijuana in excess of 1000 kilograms in violation of 21 U.S.C. §§ 841(a)(1), 846.

    Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

    Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the

1

following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions

will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true

in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion. Id. at 380-81.

Here, the government and the defendant agreed to conduct the hearing by offers of proof. The government did not argue that defendant was a danger to the community. For the reasons stated more fully on the record, I find that the defendant failed to rebut the presumption with regard to serious risk of flight.

In finding that defendant is a serious risk of flight, I rely on the following:

- The nature of the charge is a serious drug offense that carries a minimum mandatory 10 year sentence, which, when coupled with defendant's age (60 years old), provides a motive for him to flee.

- Based upon the government's proffer, the weight of the evidence is strong.

- The government's proffer included a description of the defendant having utilized an underground storage facility in Arizona to store and conceal marijuana for distribution.

- The defendant has no ties to any particular community or location.

- The defendant has minimal assets and no verifiable employment history;

- The defendant placed assets (which he apparently owned) in the name of another person in an effort to avoid detection from law enforcement.

- The only fact in defendant's favor (regarding risk of flight) was his relationship with his son, Shaun, who is apparently willing to act as a third party custodian.  It is undisputed, however, that defendant has had no contact with Shaun for most of Shaun's life.  Defendant's brief relationship with his son, Shaun, is not sufficient, by itself, to rebut the presumption that defendant is a risk of flight.

Upon full consideration of the arguments offered by the government and defense and for the reasons stated on the record, I am satisfied that the defendant has not rebutted the presumption that he poses a serious risk of flight.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                          _____
                                          Landya B. McCafferty
                                          United States Magistrate Judge

Date: September 14, 2010

cc:  Paul J. Garrity, Esq.
     U.S. Attorney
     U.S. Probation
     U.S. Marshal